UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, | Case No. 4:25-cv-11779 |
| *Plaintiff,* | F. Kay Behm<br>United States District Judge |
| v. | |
| SHERYL GONZALEZ, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |
| _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS (ECF No. 26)**

**I.   Introduction**

Plaintiff Scott Sedore brings claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (ECF No. 1). Defendant filed a motion to dismiss (ECF No. 23), and Plaintiff filed the instant motion, seeking sanctions against Defendant's attorney for improper procedure in the motion to dismiss. (ECF No. 26). For the reasons explained below, the motion will be **DENIED**.

**II.   Analysis**

On October 15, 2025, Defendant filed a motion to dismiss. (ECF No. 23). In it, defense counsel stated, "Pursuant to Local Rule 7.1 concurrence in this motion was not sought as Plaintiff is an incarcerated individual proceeding in pro se." (*Id.* at PageID.112). The motion also contained a signed proof of service indicating

1

counsel "ha[s] mailed by US Postal Service the document to the Plaintiff at his respective address." (*Id.* at PageID.136). That same day, this Court notified Plaintiff of the motion and ordered a response by November 6. (ECF No. 24).

On October 28, Plaintiff filed a motion requesting the Court order Defendant to send him a copy of the motion to dismiss as he had not yet received a copy (as of October 23). (ECF No. 25, PageID.139–40). Plaintiff nevertheless explained that he could "guess" what was said in the motion to dismiss and, not wanting to delay proceedings, had wrote a "blind response" to the motion and included it in the same envelope. (*Id.* at PageID.140–41; *see also* ECF No. 27 (response)). At the same time, Plaintiff filed the instant motion seeking a "stern warning" and sanctions against defense counsel for the above-described conduct. (ECF No. 26, PageID.148).

On October 30, Defendant filed a notice of re-service, asserting she had previously mailed a copy of the motion to dismiss on October 15, but had sent another copy upon receiving Plaintiff's motion seeking a copy. (ECF No. 28). Defendant attached receipts showing both the October 15 and the October 30 mailings. (ECF Nos. 28-1, 28-2).

The next day, Defendant also filed a response to the instant motion. (ECF No. 29). As to Plaintiff's first allegation of error, counsel "acknowledge[d] that [P]laintiff is now paroled from the MDOC and as such some form of communication

should have been sent to ascertain whether Plaintiff would concur in the motion." (*Id.* at PageID.181).  Counsel noted it was an oversight and not done maliciously or with intent to prevent Plaintiff from receiving a copy of the motion.  (*Id.*).

On November 5, this Court granted Plaintiff's motion for service and extended his deadline for responding to the motion to dismiss to November 28. (ECF No. 31).  On November 12, Plaintiff filed a reply to his motion for sanctions, indicating he had received the motion to dismiss on October 30.  (ECF No. 32, PageID.192).  He also indicated he was "not asking for any extension of time to respond, or to file an amended response.  This [C]ourt has already received my response, and I stand by the response I previously filed."  (*Id.* at PageID.193 (emphasis in original)).  Plaintiff also responded to the Court's November 5 order granting additional time to respond, thanking the Court but indicating he would stand by the response already sent, dated October 23.  (ECF No. 33).

After reviewing all facts and filings to date, the Court does not find sanctions appropriate at this time.  *See* ED Mich. LR 7.1(a)(3) (providing that the Court "may," but need not, sanction failures to seek concurrence).  As for failing to seek Plaintiff's concurrence, it is clear defense counsel mistakenly did not concur with Plaintiff prior to filing the motion to dismiss.  However, such affront does not warrant striking the entire motion or other possible sanctions.  Instead, the Court is satisfied with counsel's admission that he should have reached out to Plaintiff regarding the motion

3

before filing it. Defense counsel's error is understandable in light of Plaintiff's recent incarceration.

As for the service issue, the Court does not find any facts that support an inference of impropriety on the part of Defendant or her attorney. The original motion included proof of service showing the motion had been served. Counsel has attached the receipt indicating a filing was *sent* to Plaintiff on October 15. There is no dispute that the filing did not reach Plaintiff in a timely matter—if it ever did. However, Plaintiff says he received the motion on October 30, the same day counsel re-sent the motion. The Court finds it unlikely the motion Plaintiff received on October 30 was the one counsel sent on that same day. More likely, the original motion was delayed and Plaintiff received it on October 30. Nevertheless, Plaintiff responded to the motion to dismiss in a timely manner and has stood by his response notwithstanding his receipt of no fewer than two copies of the motion to dismiss.

There is no indication at this time that sanctions would be appropriate. The Court has noted the violation, and the parties are to take note that violating the Local Rules again may result in the Court striking a future filing and directing a party to refile their papers in accordance with the local rules or other appropriate sanctions.

### III.  Conclusion

For these reasons, Plaintiff's motion for sanctions (ECF No. 26) is **DENIED**. As a reminder, the Court has previously given Defendant until December 12, 2025,

to reply to Plaintiff's response to the pending motion to dismiss.

**IT IS SO ORDERED.**

Date: December 8, 2025                         S/PATRICIA T. MORRIS
                                               Patricia T. Morris
                                               United States Magistrate Judge